Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/20/2018 08:10 AM CDT

MACHELLE WYNNE, APPELLANT, V. MENARD, INC., AND
PRAETORIAN INSURANCE COMPANY, ITS WORKERS'
COMPENSATION INSURANCE CARRIER, APEPLLEES.

___ N.W.2d ___

Filed April 20, 2018.    No. S-17-702.

1. **Workers' Compensation: Appeal and Error.** A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.

2. ____: ____. On appellate review, the factual findings made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong.

3. **Pretrial Procedure: Proof: Appeal and Error.** Decisions regarding discovery are directed to the discretion of the trial court, and will be upheld in the absence of an abuse of discretion. The party asserting error in a discovery ruling bears the burden of showing that the ruling was an abuse of discretion.

4. **Summary Judgment.** Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

5. **Summary Judgment: Proof.** A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that it is entitled to judgment as a matter of law. If the movant meets this burden, then the nonmovant must show the existence of a material issue of fact that prevents judgment as a matter of law.

6. **Summary Judgment: Evidence.** When the parties' evidence would support reasonable, contrary inferences on the issue for which a movant seeks summary judgment, it is an inappropriate remedy.
7. **Trial: Evidence.** Where reasonable minds could draw different conclusions from the facts presented, such presents a triable issue of material fact.
8. **Summary Judgment.** At the summary judgment stage, the trial court determines whether the parties are disputing a material issue of fact. It does not resolve the factual issues.
9. **Summary Judgment: Trial.** Summary judgment is an extreme remedy and should not be used to deprive a litigant of a formal trial if there is a genuine issue of material fact.

Appeal from the Workers' Compensation Court: THOMAS E. STINE, Judge. Reversed and remanded for further proceedings.

Michael J. Javoronok, of Michael J. Javoronok Law Firm, for appellant.

Todd R. McWha, Terrance O. Waite, and Christopher A. Sievers, of Waite, McWha & Heng, for appellees.

HEAVICAN, C.J., MILLER-LERMAN, CASSEL, and STACY, JJ., and LUTHER and O'GORMAN, District Judges.

HEAVICAN, C.J.

## INTRODUCTION

Machelle Wynne suffered knee and shoulder injuries in two separate incidents that arose out of her employment with Menard, Inc. The Nebraska Workers' Compensation Court sustained Wynne's motion for summary judgment insofar as it awarded her benefits for two scheduled injuries, but denied her claim that she was permanently and totally disabled. Wynne appeals. We reverse, and remand for further proceedings.

## BACKGROUND

Wynne was employed by Menard and worked at a Menard store in Scottsbluff, Nebraska. She was injured on the job on two different occasions—a knee injury suffered on September 25, 2013, and a shoulder injury suffered on July 8, 2014.

On August 7, 2015, the Workers' Compensation Court found that Wynne had been injured in the scope and course of her employment, that she had not reached maximum medical improvement, and that she was entitled to further medical treatment and temporary total disability payments until maximum medical improvement was reached.

Wynne later had rotator cuff surgery. The surgeon found that Wynne had reached maximum medical improvement as of October 24, 2016. A functional capacity evaluation (FCE) was conducted by Theresa Olson on December 1. The results of the FCE noted that Wynne should reach overhead and forward only occasionally; should not squat, crawl, or walk on uneven surfaces; and should engage in static standing, walking, kneeling, balancing, and climbing ladders or stairs infrequently. The FCE included no restrictions on sitting.

On February 8, 2017, Dr. Michelle Cheloha, Wynne's family practice physician, notified Wynne's attorney via a form provided by counsel that Wynne was restricted from sitting for more than 10 minutes at one time. The court-appointed vocational expert, Ted Stricklett, opined that if Wynne were restricted from sitting for more than 10 minutes, she would be considered permanently and totally disabled.

Also in the record is a report from Dr. Douglas Scott, a specialist in occupational medicine. Scott opined that Wynne could work within her restrictions for 8 hours a day, 5 days a week. Scott further opined that Wynne had no spinal injury affecting her ability to sit; thus, the sitting restriction imposed by Cheloha was not supported by the medical evidence or by a reasonable or factual assessment of Wynne's capability.

Stricklett later filed an amended report. That report indicated that based on Wynne's FCE and Scott's opinion, the sitting restriction imposed by Cheloha was unfounded.

During the course of discovery, Wynne served requests for admission on Menard. As relevant, those admissions and answers provided as follows:

     2. Admit that [Wynne] has permanent restrictions from her on the job injuries:

a. as set out in Dr. Cheloha's letter of February 10, 2017, which is attached as Exhibit "B";

b. and as set out in her letter of December 22, 2016, which is attached as Exhibit "C".

ANSWER: Deny with regarding to Exhibit "B" because Dr. Cheloha does not indicate permanent; *Admit as set forth in Exhibit "C"*.

3. Admit that Dr. Cheloha opines in her letter of February 10, 2017, that . . . Wynne is no longer able to be gainfully employed.

ANSWER: Admit.

. . . .

7. Admit that in [his] report of February 16, 2017, . . . Stricklett, the vocational rehabilitation counselor, opined that [Wynne] had a loss of earning capacity of 100% as set out in attached Exhibit "D".

ANSWER: Admit.

Wynne later filed a motion for summary judgment. The Workers' Compensation Court granted the motion as to Wynne's claim that she had reached maximum medical improvement and effectively denied the motion as to Wynne's allegation of a 100-percent loss of earning capacity. The court's order then went on to determine the percentage of extremity impairment and the amount of permanent disability benefits to which she was entitled. Wynne appeals the award.

## ASSIGNMENTS OF ERROR

On appeal, Wynne assigns, restated and renumbered, that the Workers' Compensation Court erred in (1) ignoring the conclusive effect of an admission under Neb. Ct. R. Disc. § 6-336(b); (2) admitting exhibits 34, 36, 37, and 38; and (3) weighing the evidence in a summary judgment motion.

## STANDARD OF REVIEW

[1] A judgment, order, or award of the Workers' Compensation Court may be modified, reversed, or set aside only upon the grounds that (1) the compensation court acted without or in

excess of its powers; (2) the judgment, order, or award was procured by fraud; (3) there is not sufficient competent evidence in the record to warrant the making of the order, judgment, or award; or (4) the findings of fact by the compensation court do not support the order or award.[1]

[2] On appellate review, the factual findings made by the trial judge of the Workers' Compensation Court have the effect of a jury verdict and will not be disturbed unless clearly wrong.[2]

[3] Decisions regarding discovery are directed to the discretion of the trial court, and will be upheld in the absence of an abuse of discretion.[3] The party asserting error in a discovery ruling bears the burden of showing that the ruling was an abuse of discretion.[4]

[4] Summary judgment is proper when the pleadings and evidence admitted at the hearing disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.[5]

## ANALYSIS

*Effect of Admission.*

Wynne first assigns that Menard admitted, through its responses to her requests for admission, that she was permanently and totally disabled. Menard disagrees, contending it admitted that certain experts opined that Wynne was permanently and totally disabled, but that it did not admit the truth of those opinions.

The requests for admission as drafted by Wynne were specific insofar as they sought admissions with respect to

---

[1] Neb. Rev. Stat. § 48-185 (Cum. Supp. 2016).

[2] *Anderson v. EMCOR Group*, 298 Neb. 174, 903 N.W.2d 29 (2017).

[3] *Moreno v. City of Gering,* 293 Neb. 320, 878 N.W.2d 529 (2016).

[4] *Id.*

[5] *Cookson v. Ramge, ante* p. 128, 907 N.W.2d 296 (2018).

Cheloha's and Stricklett's opinions that would lead to the conclusion that Wynne was permanently and totally disabled. Notably, Wynne sought an admission that Cheloha had opined in a letter dated February 10, 2017, that Wynne had permanent restrictions due to her on-the-job injuries and was unable to be gainfully employed. Wynne further sought an admission that Stricklett had opined that Wynne had a 100-percent loss of earning capacity. In response, Menard admitted those statements, but noted that Cheloha did not term Wynne's restrictions as permanent.

We reject Wynne's attempt to characterize Menard's admissions as conclusive proof that Wynne was permanently and totally disabled. The requests were drafted in such a way that an admission was conclusive—not to the truth of the underlying statement, but only as to the fact that the opinions were given as set forth in the requests. There is no merit to Wynne's first assignment of error.

*Grant of Summary Judgment.*

Wynne next assigns that the trial court erred in denying her motion for summary judgment as to her allegation that she was permanently and totally disabled. Related to this argument is Wynne's contention that the trial court erred in admitting exhibits 34, 36, 37, and 38.

[5] A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that it is entitled to judgment as a matter of law. If the movant meets this burden, then the nonmovant must show the existence of a material issue of fact that prevents judgment as a matter of law.[6]

[6-9] When the parties' evidence would support reasonable, contrary inferences on the issue for which a movant seeks summary judgment, it is an inappropriate remedy.[7] As we

---

[6] *C.E. v. Prairie Fields Family Medicine*, 287 Neb. 667, 844 N.W.2d 56 (2014).

[7] *Id.*

have stated many times, where reasonable minds could draw different conclusions from the facts presented, such presents a triable issue of material fact.[8] At the summary judgment stage, the trial court determines whether the parties are disputing a material issue of fact. It does not resolve the factual issues.[9] Summary judgment is an extreme remedy and should not be used to deprive a litigant of a formal trial if there is a genuine issue of material fact.[10]

This case presents unusual facts. Wynne's motion did not state the basis upon which she sought summary judgment. The motion alleged that Wynne "is entitled to a summary judgment as a matter of law as to the nature and extent of her injuries and her resultant disability." However, the only basis for such a judgment argued at the hearing on the motion was Wynne's theory that she was permanently and totally disabled. Wynne's motion was granted, but on a theory not advanced by Wynne at that hearing. Thus, Wynne was the moving party but, as to her preferred theory, she was the losing party in that summary judgment was not granted finding her to be permanently and totally disabled.

Related to the larger question of the trial court's disposition of her summary judgment motion, Wynne contends that certain exhibits containing unsworn statements were inadmissible. Specifically, Wynne argues that exhibit 34, a letter from Olson, the occupational therapist who conducted Wynne's FCE; exhibit 36, a rebuttal loss of earning capacity report; exhibit 37, a letter from Stricklett amending his earlier loss of earning capacity report; and exhibit 38, the FCE report, are all inadmissible.

The parties assert that the issue of the admissibility of these exhibits presents a conflict between Neb. Rev. Stat. § 48-168 (Reissue 2010) and Workers' Comp. Ct. R. of Proc.

---

[8] See *id.*

[9] *Id.*

[10] *Id.*

10 (2011). Section 48-168(1) provides that the "Nebraska Workers' Compensation Court shall not be bound by the usual common-law or statutory rules of evidence or by any technical or formal rules of procedure." Rule 10 discusses this relaxation of the rules of evidence and further directs litigants to Neb. Rev. Stat. §§ 25-1330 to 25-1336 (Reissue 2016), which provide the general procedure to follow when summary judgment is sought. Wynne's argument that the exhibits in question are inadmissible is based on § 25-1332, which provides in part that "[t]he evidence that may be received on a motion for summary judgment includes depositions, answers to interrogatories, admissions, stipulations, and affidavits."

With this background in mind, we turn to Wynne's contentions on appeal.

Wynne offered Cheloha's and Stricklett's opinions that she was permanently and totally disabled. These opinions are reflected in exhibit 31, attachments to Wynne's requests for admissions; exhibit 33, Cheloha's deposition; and exhibit 36, Stricklett's loss of earning capacity report. In response to Wynne's motion, Menard offered exhibits 34 and 38, the opinion of Olson, and exhibit 35, the opinion of Scott, as well as exhibit 37, the opinion of Stricklett in which he revised his opinion in light of the results of Olson's FCE finding that Wynne was not permanently and totally disabled.

As an initial matter, we note that exhibit 36, Stricklett's loss of earning capacity report, was offered by Wynne, yet that exhibit contains unsworn statements which, under Wynne's logic, would be inadmissible.

But we need not decide the issue of the admissibility of these exhibits, because any admission would, on these facts, have been harmless. Wynne offered exhibits 31 and 33 in support of her contention that she was permanently and totally disabled; this evidence was sufficient to meet her burden of a prima facie claim for purposes of summary judgment. In response, Menard offered an affidavit from Scott acknowledging his attached report. In that report, Scott opined that

Wynne was not permanently and totally disabled. This was sufficient to create a triable issue of material fact and prevent judgment as a matter of law.

In this case, though, the trial court weighed the relative merits of this evidence and concluded that Wynne was entitled to benefits for her scheduled member injuries, but was not permanently and totally disabled. The court erred in so finding, as it is not the role of a court in a summary judgment matter to resolve factual disputes.[11]

> At the summary judgment stage, the trial court determines whether the parties are disputing a material issue of fact. It does not resolve the factual issues. Summary judgment is an extreme remedy and should not be used to deprive a litigant of a formal trial if there is a genuine issue of material fact.[12]

Accordingly, we reverse the grant of summary judgment as to the scheduled member injury and the rejection of Wynne's claim of permanent and total disability, and remand the cause for further proceedings.

## CONCLUSION

The compensation court erred in weighing the evidence with respect to Wynne's motion for summary judgment. Accordingly, we reverse the entry of summary judgment and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.

FUNKE, J., participating on briefs.
WRIGHT, J., not participating.

---

[11] See *id*.

[12] *Id*. at 675, 844 N.W.2d at 63.