IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**

NATIONWIDE AFFINITY INS. CO. V. POLLMAN

NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).

NATIONWIDE AFFINITY INSURANCE COMPANY, A CORPORATION, APPELLEE,

V.

MARK POLLMAN AND BRENT FICKE, APPELLANTS.

Filed June 25, 2019.    No. A-18-973.

Appeal from the District Court for Gage County: RICKY A. SCHREINER, Judge. Affirmed.

Timothy W. Nelson, of Fankhauser, Nelson, Werts, Ziskey & Merwin, P.C., L.L.O., for appellants.

Elizabeth Ryan Cano and Steve Ahl, of Wolfe, Snowden, Hurd, Ahl, Sitzmann, Tannehill & Hahn, L.L.P., for appellee.

MOORE, Chief Judge, and PIRTLE and BISHOP, Judges.

MOORE, Chief Judge.

### INTRODUCTION

Nationwide Affinity Insurance Company (Nationwide) filed a declaratory judgment action against Mark Pollman and Brent Ficke in the district court for Gage County. Nationwide sought a determination that Pollman's insurance policy with Nationwide did not cover losses from an automobile accident between Pollman and Ficke. Nationwide filed a motion for summary judgment, and the district court found that a policy exclusion barred coverage. Pollman and Ficke appeal, and for the reasons set forth below, we affirm.

### BACKGROUND

This insurance coverage dispute arises out of an automobile accident that occurred in Kansas. On October 22, 2015, Pollman, a resident of Nebraska, drove his father's pickup along a

- 1 -

Kansas road from one of his father's farms to another. Ficke drove his car in the opposite direction along the same road. Pollman attempted to turn left directly in front of Ficke's car, causing a head-on collision that resulted in significant injuries to Ficke. Ficke filed suit against Pollman in Kansas, and Pollman was found liable for Ficke's injuries and ordered to pay damages in the total amount of $645,127.40.

Pollman had an insurance policy with Nationwide that listed four vehicles in its declarations. The pickup Pollman drove during the October 22, 2015, accident was not one of them. The policy also listed several exclusions from liability coverage, including the following "regular use" exclusion: "B. We do not provide Liability Coverage for the ownership, maintenance or use of: . . . 2. Any vehicle, other than "your covered auto", which is: a. Owned by you; or b. Furnished or available for your regular use." The policy defined "your covered auto" as "any vehicle shown in the Declarations."

Nationwide filed a complaint under Neb. Rev. Stat. § 25-21,149 (Reissue 2016), seeking a judgment declaring that Pollman's insurance policy did not extend coverage for the October 22, 2015, accident and further declaring that Pollman and Ficke were not entitled to coverage for any damages claimed as a result of the accident. Nationwide attached a copy of Pollman's insurance policy and the pleadings from the Kansas action to its complaint. Pollman and Ficke filed a responsive pleading, which denied that Pollman's policy with Nationwide excluded coverage for his accident with Ficke and included several affirmative allegations, none of which are relevant to this appeal.

On April 24, 2018, Nationwide filed a motion for summary judgment. The district court held a hearing on Nationwide's motion on July 3, 2016. The court received copies of the judgment from the Kansas case and Pollman's insurance policy with Nationwide, and we summarized the portions of those documents relevant to this appeal above. The court further received the affidavit of Nationwide's attorney and its attached exhibits, which included a transcript of a conversation between Pollman and a claims specialist with Nationwide, Pollman's responses to Nationwide's request for admissions and interrogatories, Pollman's affidavit, and other documents not relevant to this appeal.

Pollman stated during his interview with Nationwide's claims specialist that he drove his father's pickup every week or two. Although the pickup was usually used for hauling cattle, it was also used for chores around the farm. The pickup was kept at his father's house, which was the site of one of his farming operations. Pollman kept a set of keys to the pickup at his house, and he could use the pickup whenever he needed it. Pollman's father purchased the pickup for both his and Pollman's use about 10 years before the interview.

In Pollman's response to Nationwide's first request for admissions, he admitted that the statements he provided during his interview with the Nationwide claims specialist were true and correct. In his response to Nationwide's second request for admissions, Pollman denied that he had access to his father's pickup whenever he needed it for farm chores or to haul cattle. Further, Pollman denied that his use of the pickup continued from the time his father purchased it until October 2015. In two separate interrogatories, Nationwide asked Pollman to state his basis for these denials, which contradicted his earlier admission that the statements provided in the interview were true. Pollman answered each with the following:

I never used the truck for personal use. It was used to haul my father's cattle and do his farm chores. If the term "use" in the question is for my father's farm chores th[e]n the answer is yes, if "use" means non-farm chores or personal use the answer is no. I don't have a farm. I used the truck when I needed to move cattle, hauled for my father or do his [farm] chores.

In his affidavit, Pollman stated that his father always drove the pickup when cattle were being checked. Although the cattle needed to be checked every day, Pollman only rode without his father on a few occasions. Pollman almost never operated the pickup alone. On the day of the accident, Pollman was operating the vehicle for his father's farming operation, moving a freezer from one farm location owned by his father to another. Pollman stated that his use of the pickup on the day of the accident was one of the only times his father was not occupying and operating the pickup. When the claims specialist asked him about his "use" of the pickup, she did not distinguish between riding along with his father and driving alone. She also did not explain the importance of his answers to him, nor did she advise him to contact counsel. Counsel for Nationwide objected to the portions of the affidavit that sought to contradict or change the binding judicial admissions made by Pollman during discovery. The court did not rule on the objection but received the affidavit subject to the rules of evidence.

On September 9, 2018, the district court entered an order on Nationwide's motion for summary judgment. The court first determined that Nebraska law should apply to Nationwide's declaratory judgment action. The court next found that Pollman's insurance policy with Nationwide did not cover losses from the October 22, 2015, accident due to the policy's "regular use" exclusion. The court found that the uncontroverted evidence showed that Pollman's father purchased the pickup for Pollman's customary or reoccurring use. The court determined that Pollman's admission that he had a key to the pickup in his house, that he could use it whenever he needed it for farm chores, and that he used it every two weeks was not consistent with a finding that he used the truck incidentally or occasionally. The court found that to the extent Pollman tried to introduce an affidavit contradicting these admissions, the affidavit was discredited as a matter of law, and Pollman was bound to the admissions made during discovery.

Citing *American Family Ins. Group v. Hemenway*, 254 Neb. 134, 575 N.W.2d 143 (1998), the court rejected Pollman's argument that he did not regularly use the pickup because he only used it for farm chores, and not for personal matters. Further, citing *National Union Fire Ins. Co. v. Bruecks*, 179 Neb. 642, 139 N.W.2d 821 (1966), the court determined that the "regular use" of a vehicle includes both driving and riding as a passenger.

Pollman and Ficke appeal.

## ASSIGNMENTS OF ERROR

Pollman and Ficke assign, consolidated and restated, that the district court erred in finding no genuine dispute of fact existed as to the circumstances around his use of the truck.

STANDARD OF REVIEW

An appellate court will affirm a lower court's grant of summary judgment if the pleadings and admitted evidence show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Kaiser v. Union Pacific RR. Co.*, 303 Neb. 193, ___ N.W.2d ___ (2019). In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted and gives that party the benefit of all reasonable inferences deducible from the evidence. *Benard v. McDowall, LLC*, 298 Neb. 398, 904 N.W.2d 679 (2017).

ANALYSIS

Pollman and Ficke assign that the district court erred in granting Nationwide's motion for summary judgment. A party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that it is entitled to judgment as a matter of law. *Wynne v. Menard, Inc.*, 299 Neb. 710, 910 N.W.2d 96 (2018). If the movant meets this burden, then the nonmovant must show the existence of a material issue of fact that prevents judgment as a matter of law. *Id.*

The only issue presented in Nationwide's declaratory judgment action was whether the policy's "regular use" exception barred coverage of the losses from Pollman and Ficke's October 22, 2015, accident. Thus, under the terms of this exception, we analyze whether Nationwide presented sufficient evidence to demonstrate that Pollman was not covered under the policy.

Parties to an insurance contract may contract for any lawful coverage, and an insurer may limit its liability and impose restrictions and conditions upon its obligations under the contract if the restrictions and conditions are not inconsistent with public policy or statute. *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 295 Neb. 419, 889 N.W.2d 596 (2016). In an appellate review of an insurance policy, the court construes the policy as any other contract to give effect to the parties' intentions at the time the writing was made. Where the terms of a contract are clear, they are to be accorded their plain and ordinary meaning. *Henn v. American Family Mut. Ins. Co.*, 295 Neb. 859, 894 N.W.2d 179 (2017).

The language of an insurance policy should be read to avoid ambiguities, if possible, and the language should not be tortured to create them. *Kuehl v. First Colony Life Ins. Co.*, 16 Neb. App. 661, 749 N.W.2d 491 (2008). A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting meanings. *Van Kleek v. Farmers Ins. Exch.*, 289 Neb. 730, 857 N.W.2d 297 (2014). The Nebraska Supreme Court has determined that "regular use" exclusions, like the one at issue here, are unambiguous. See *American Family Ins. Group v. Hemenway*, 254 Neb. 134, 575 N.W.2d 143 (1998). A vehicle is furnished for "regular use" if it is provided for a customary and recurring use, as distinguished from an occasional or incidental one. *Id.*

The insured in *Hemenway* was in an automobile accident while driving his employer's truck. The insured had a policy with the plaintiff insurance company, which policy did not list the truck as an insured vehicle. The policy also contained a liability exclusion that provided: "'This coverage does not apply to: . . . 9. **Bodily injury** or **property damage** arising out of the **use** of

any vehicle, other than **your insured car**, which is owned by or furnished or available for regular **use** by **you** or any resident of **your** household.'" *Id.* at 137, 575 N.W.2d at 146. (Emphasis in original.) The insurance company sought a judgment declaring that the insured's policy did not cover his accident with his employer's truck. The district court found the policy covered the insured's accident. On appeal, the Nebraska Supreme Court reversed. The court observed that the uncontroverted evidence showed the truck was available for the insured's use whenever he needed it to perform duties for his employer, that both the insured and his employer expected the insured would use the truck as needed, and that the insured actually and routinely used the truck as needed. The court concluded the insured's use of the truck was recurring and customary, and thus, under the terms of the policy, the insured's use of the truck was excluded from coverage.

Pollman argues that his use of his father's pickup was distinguishable from the insured's use of his employer's truck in *Hemenway*. We disagree. In fact, we find the present case to be quite similar to *Hemenway*. Pollman drove his father's pickup to help with his father's farming operation. The truck was stored at Pollman's father's house. His father bought the pickup almost a decade before the accident specifically so that he and Pollman could use it. Pollman could use the pickup for farm purposes whenever he needed it, and he kept his own set of keys to the pickup. The frequency of Pollman's use varied, but he admitted to using the truck weekly or every two weeks. These facts clearly show that Pollman's use of the pickup was customary and recurring, and not occasional or incidental. The fact that Pollman did not use the pickup for his own personal purposes does not change the outcome.

Pollman submitted an affidavit in an attempt to contradict the facts he admitted in his responses to Nationwide's request for admission. It fails to do so. Admissions that a party has not sought to withdraw or amend conclusively establish the matter admitted. *Edlund v. 4-S, LLC*, 13 Neb. App. 800, 702 N.W.2d 812 (2005). Pollman admitted that he could use the pickup whenever he needed it for farm chores. Pollman also admitted that the statements he provided during his interview with Nationwide's claims specialist were true and correct. In that interview, he admitted that he kept a set of keys to the pickup at his house and that he could use the pickup whenever he needed it for farm chores. He further admitted in the interview that his father bought the pickup for both of them to use and that he drove the pickup every week or two. Pollman did not make any attempt to withdraw his admissions, and thus, his admissions were incontrovertible facts, which his later affidavit could not disprove.

After reviewing the pleadings and admitted evidence, we conclude that the record contained no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts. As a result, the district court correctly determined that Nationwide was entitled to judgment as a matter of law.

CONCLUSION

Viewed in a light most favorable to Pollman and Ficke, the evidence presented at the summary judgment hearing supports the court's conclusion that the "regular use" exclusion in Pollman's insurance policy barred coverage of Pollman's use of his father's pickup during his October 22, 2015, accident with Ficke.

AFFIRMED.