Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/25/2020 01:08 AM CDT

- 729 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

BETTY LOU LAUER, APPELLANT, V. GOLDEN
LIVING CENTER - HARTINGTON, APPELLEE.
___ N.W.2d ___

Filed August 18, 2020.    No. A-19-181.

1. **Summary Judgment.** Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law.

2. **Summary Judgment: Proof.** A party makes a prima facie case that it is entitled to summary judgment by offering sufficient evidence that, assuming the evidence went uncontested at trial, would entitle the party to a favorable verdict.

3. ____: ____. If the moving party makes a prima facie case that it is entitled to summary judgment, the burden then shifts to the nonmoving party to produce admissible contradictory evidence which raises a genuine issue of material fact. If it cannot, summary judgment should be granted.

4. **Summary Judgment: Appeal and Error.** In reviewing a summary judgment, an appellate court views the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence.

5. ____: ____. In conducting a summary judgment review, an appellate court is mindful of the fact that on questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below.

6. **Malpractice: Physicians and Surgeons: Proof: Proximate Cause.** To establish a prima facie case of medical malpractice, a plaintiff must show (1) the applicable standard of care, (2) that the defendant(s) deviated from that standard of care, and (3) that this deviation was the proximate cause of the plaintiff's harm.

- 730 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

7. **Physicians and Surgeons: Expert Witnesses: Proof.** To establish the customary standard of care in a particular case, expert testimony by a qualified medical professional is normally required. Often, such testimony is premised on the expert's personal knowledge of, and familiarity with, the customary practice among medical professionals in the same or similar locality under like circumstances.

8. **Summary Judgment: Malpractice: Physicians and Surgeons: Affidavits: Proof.** At the summary judgment stage, it is well settled that self-supporting affidavits submitted by medical providers suffice to make a prima facie case that the provider did not commit professional negligence.

9. **Trial: Evidence.** Where reasonable minds could draw different conclusions from the facts presented, such presents a triable issue of material fact and summary judgment is not appropriate.

10. **Summary Judgment: Proof.** On a motion for summary judgment, the movant has the burden of producing evidence and demonstrating there are no genuine issues of material fact.

Appeal from the District Court for Cedar County: PAUL J. VAUGHAN, Judge. Reversed and remanded for further proceedings.

Christopher P. Welsh, of Welsh & Welsh, P.C., L.L.O., for appellant.

Charles E. Wilbrand, Jeanelle R. Lust, and Sydney C. Aase, of Knudsen, Berkheimer, Richardson & Endacott, L.L.P., for appellee.

PIRTLE, RIEDMANN, and WELCH, Judges.

PIRTLE, Judge.

## INTRODUCTION

Betty Lou Lauer appeals from an order entered by the district court for Cedar County granting summary judgment in favor of Golden Living Center - Hartington (GL-Hartington). We conclude the district court erred in granting summary judgment in favor of GL-Hartington, and we reverse the court's order and remand the cause for further proceedings.

- 731 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

## BACKGROUND

Lauer had knee replacement surgery on June 29, 2015. Following the surgery, Lauer was transferred on July 2 to GL-Hartington, a skilled nursing facility in Hartington, Nebraska, where she remained until July 5. On July 3, Lauer's family informed the GL-Hartington nursing staff that Lauer had increased confusion and was not her normal self. The GL-Hartington nursing staff sent Lauer's treating physician a fax regarding Lauer's cognition. On July 4, the GL-Hartington nursing staff again contacted Lauer's doctor with concerns about a bowel movement. The doctor "prescribed Milk of Magnesia and Dulcolax." On July 5, the GL-Hartington nursing staff noted further changes in Lauer's mental status and again notified the doctor. The doctor then called the GL-Hartington facility and ordered Lauer transferred to a hospital in Yankton, South Dakota. Lauer was admitted to the intensive care unit for treatment of severe hyponatremia, hypokalemia, hypochloremia, both metabolic and respiratory alkalosis, anemia, and metabolic encephalopathy. Lauer remained in the hospital for 2 weeks.

On January 4, 2017, Lauer filed a complaint against GL-Hartington, alleging that it was negligent in her treatment and care and that it did not use ordinary care under the circumstances. The complaint further alleged that as a direct and proximate result of the negligence of GL-Hartington, Lauer was seriously and permanently injured.

GL-Hartington filed its answer to the petition on March 15, 2017. On May 30, the matter was transferred from the district court for Douglas County to the district court for Cedar County. On August 22, GL-Hartington filed a motion for summary judgment. At the time the motion for summary judgment was filed, discovery had not yet begun in earnest. No progression order had yet been filed nor had experts yet been designated. The summary judgment was argued on December 18. GL-Hartington offered two exhibits: an affidavit of Amy Dickes, the GL-Hartington director of nursing and interim

- 732 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

executive director, with attached medical records, and the affidavit of GL-Hartington's attorney, with the attached responses of Lauer to GL-Hartington's requests for admission. Both exhibits were received without objection.

During argument on the motion for summary judgment, counsel for Lauer made clear to the court that of the five specific acts of negligence alleged in her complaint, Lauer was proceeding only on her allegation that GL-Hartington failed to use ordinary care under the circumstances in the treatment of Lauer prior to her transfer to the hospital in Yankton and that the facility failed to properly instruct and train its employees. In support of her position, Lauer offered an affidavit from Sheryl Deaconson, a certified legal nurse consultant and administrative nursing supervisor licensed in Minnesota, Florida, and California. Deaconson identified specific instances of GL-Hartington's failure to "adhere to the acceptable standards of care" and concluded those failures "were the direct and proximate cause of . . . Lauer's damages." The court admitted Deaconson's affidavit with the exception of a portion of paragraph 10, because the court did not believe nurses are qualified to offer direct and proximate causation opinions. Following additional briefing, the matter was ripe for decision on January 16, 2018.

Nearly a calendar year later, the district court granted GL-Hartington's motion for summary judgment on January 10, 2019. Lauer then filed a motion to alter or amend the judgment, which was denied on February 14. No discovery or any other trial readiness efforts were made between August 2017 and January 2019. Lauer's notice of appeal was filed February 20, 2019.

## ASSIGNMENTS OF ERROR

Lauer assigns three errors: (1) The district court erred as a matter of law in holding her legal nursing consultant expert did not state the applicable standard of care in her affidavit, (2) the court improperly decided a factual issue instead of determining whether any issues of material fact existed, and (3)

- 733 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

the court improperly placed the burden on Lauer to produce evidence that there was a genuine issue of material fact in dispute as to proximate cause.

## STANDARD OF REVIEW

[1] Summary judgment is proper if the pleadings and admissible evidence offered at the hearing show that there is no genuine issue as to any material facts or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Thone v. Regional West Med. Ctr.*, 275 Neb. 238, 745 N.W.2d 898 (2008).

[2,3] A party makes a prima facie case that it is entitled to summary judgment by offering sufficient evidence that, assuming the evidence went uncontested at trial, would entitle the party to a favorable verdict. *Id.* If the moving party makes such a case, the burden then shifts to the nonmoving party to produce admissible contradictory evidence which raises a genuine issue of material fact. If it cannot, summary judgment should be granted. *Id*.

[4,5] In reviewing a summary judgment, we view the evidence in the light most favorable to the party against whom the judgment was granted, giving that party the benefit of all reasonable inferences deducible from the evidence. *Id.* In conducting our review, we are mindful of the fact that on questions of law, an appellate court is obligated to reach a conclusion independent of the determination reached by the court below. *Id.*

## ANALYSIS

Medical malpractice or professional negligence means that a health care provider, in rendering professional services,

> failed to use the ordinary and reasonable care, skill, and knowledge ordinarily possessed and used under like circumstances by members of his profession engaged in a similar practice in his or in similar localities. In determining what constitutes reasonable and ordinary care, skill,

- 734 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

and diligence on the part of a health care provider in a
particular community, the test shall be that which health
care providers, in the same community or in similar
communities and engaged in the same or similar lines of
work, would ordinarily exercise and devote to the benefit
of their patients under like circumstances.

Neb. Rev. Stat. § 44-2810 (Reissue 2010). A nursing home, a
skilled nursing facility, and a rehabilitation hospital are all con-
sidered "health care provider[s]" under Nebraska law. See Neb.
Reb. Stat. § 44-2803 (Reissue 2010). GL-Hartington is also
considered a hospital under Nebraska law, because it provides
nursing care on an inpatient basis for a period of more than 24
consecutive hours for persons receiving convalescent care. See
Neb. Rev. Stat. § 71-419 (Reissue 2018).

[6] To establish a prima facie case of medical malpractice,
a plaintiff must show (1) the applicable standard of care, (2)
that the defendant(s) deviated from that standard of care, and
(3) that this deviation was the proximate cause of the plain-
tiff's harm. *Hemsley v. Langdon*, 299 Neb. 464, 909 N.W.2d
59 (2018).

*Standard of Care.*

[7] Lauer first assigns that the district court erred as a mat-
ter of law in finding that her expert witness did not state the
applicable standard of care in her affidavit. To establish the
customary standard of care in a particular case, expert testi-
mony by a qualified medical professional is normally required.
*Id.* Often, such testimony is premised on the expert's personal
knowledge of, and familiarity with, the customary practice
among medical professionals in the same or similar locality
under like circumstances. *Id.*

[8] GL-Hartington, as the party moving for summary judg-
ment, offered the affidavit of Dickes, the nursing director at
the facility, to show that it met the standard of care. Dickes
is a registered nurse, having received her license in 2008.
Dickes states all the nurses, medication assistants, and nursing

- 735 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

assistants followed the appropriate standard of nursing care for charting progress, administering medications, notifying the physician of progress, and monitoring the patient. At the summary judgment stage, it is well settled that self-supporting affidavits submitted by medical providers suffice to make a prima facie case that the provider did not commit professional negligence. See *Thone v. Regional West Med. Ctr.*, 275 Neb. 238, 745 N.W.2d 898 (2008). See, e.g. *Wagner v. Pope*, 247 Neb. 951, 531 N.W.2d 234 (1995).

The burden then shifted to Lauer, as the nonmoving party, to produce admissible evidence which raised a genuine issue of material fact in regard to the standard of care.

Lauer offered the affidavit of Deaconson to establish the standard of nursing care in the GL-Hartington facility was below the standard of nursing care in similar communities. Deaconson is a licensed registered nurse in several states, and she serves as a legal nurse consultant and administrative nursing supervisor in a large midwestern hospital system. Deaconson's nursing career spans 30 years. Deaconson stated in her affidavit that she was familiar with the standard of care used in Hartington, which is sufficient for summary judgment purposes.

Deaconson's affidavit also identifies specific instances of deviation from the standard of care by the GL-Hartington nurses while Lauer was in their care. Deaconson opined that the nurses failed to notify Lauer's treating physician of mental status changes during an admission assessment and of daily deterioration of Lauer's mental status during the time she was in GL-Hartington. Deaconson's review of the GL-Hartington records reveals a 24-hour period where no documentation of mental status was made. Further, she asserts that the nurses failed to accurately document Lauer's intake and output of fluids and that there was no demonstrable effort made to follow the admission recommendation to keep Lauer hydrated because she had been prescribed multiple diuretic medications. And, the medical records do not include any laboratory tests monitoring electrolytes—potassium, sodium, and chloride.

- 736 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

Dickes' affidavit offered in support of GL-Hartington's motion for summary judgment says the nurses adhered to the appropriate standard of care and did everything they were supposed to do for Lauer while she was in their care. The evidence Lauer offered in the form of Deaconson's affidavit conflicts with the evidence presented in Dickes' affidavit and was sufficient to rebut GL-Hartington's evidence that the nursing staff did not breach the standard of care. Since a genuine issue of material fact existed as to whether GL-Hartington breached the standard of care, summary judgment was not warranted.

*Court Decided Factual Issues.*

Lauer next argues the district court erred by actually deciding factual disputes related to whether the nurses breached the standard of care. Paragraphs six and seven of Deaconson's affidavit identify specific shortcomings on the part of GL-Hartington's nurses, which she says amount to a breach of the standard of care. After reviewing the medical notes attached to the affidavit of Dickes, GL-Hartington's nursing director, the district court concluded that the nurses actually did the things Deaconson says they did not do and that further, Deaconson failed to establish what the nurses should have done instead.

[9] When faced with a motion for summary judgment, the question for the court is not how to resolve a factual dispute but whether a material fact is actually in dispute. The Nebraska Supreme Court has said many times that where reasonable minds could draw different conclusions from the facts presented, such presents a triable issue of material fact and summary judgment is not appropriate. *Wynne v. Menard, Inc.*, 299 Neb. 710, 910 N.W.2d 96 (2018). Here, we find that once GL-Hartington established a prima facie case that its staff did not breach the standard of care for this locale, Lauer sufficiently rebutted that contention by producing admissible contradictory evidence of GL-Hartington's specific departures from that standard of care, from which different conclusions could be drawn by reasonable minds. Therefore, a genuine

- 737 -

Nebraska Court of Appeals Advance Sheets
28 Nebraska Appellate Reports
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

issue of material fact existed. The district court then erred by attempting to resolve those issues of fact in connection with the summary judgment proceeding.

*Proximate Cause of Lauer's Injuries.*

Lauer next assigns that the district court improperly placed the burden on her in regard to producing evidence of proximate cause. The court excluded the portion of Deaconson's affidavit that concluded GL-Hartington's failure to adhere to the standard of care was the direct and proximate cause of Lauer's injuries. Because the portion of the affidavit related to proximate cause was excluded, Lauer did not present any admissible evidence regarding causation.

The court found that Lauer had the initial burden to show there was evidence of causation and that she failed to present any such evidence. The court further determined that because Lauer failed to establish any evidence of causation, there was no evidence GL-Hartington needed to rebut. The court concluded that because Lauer had failed to produce evidence of proximate cause, there was no genuine issue of material fact and GL-Hartington was entitled to summary judgment even if a standard of care issue existed.

[10] We conclude that the court improperly placed the initial burden on Lauer, rather than GL-Hartington, to produce evidence in regard to causation. On a motion for summary judgment, the movant, in this case GL-Hartington, has the burden of producing evidence and demonstrating there are no genuine issues of material fact. See *Wolfe v. Becton Dickinson & Co.*, 266 Neb. 53, 662 N.W.2d 599 (2003). GL-Hartington had to produce evidence on proximate cause before the burden shifted to Lauer. Because GL-Hartington did not present such evidence, Lauer was under no duty to present proximate cause evidence. In other words, GL-Hartington, as the moving party, did not contest proximate cause so it was not necessary for Lauer, the opposing party, to rebut it because the burden never shifted. Therefore, the issue of causation remains a genuine

- 738 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
28 NEBRASKA APPELLATE REPORTS
LAUER v. GOLDEN LIVING CENTER
Cite as 28 Neb. App. 729

issue of material fact and should not have been resolved by the court on summary judgment.

## CONCLUSION

Finding the district court abused its discretion in granting summary judgment in favor of GL-Hartington, we reverse the order of the district court and remand the cause for further proceedings.

REVERSED AND REMANDED FOR
FURTHER PROCEEDINGS.