ROBERT H. McDONALD, APPELLANT, V.
DeCAMP LEGAL SERVICES, P.C., APPELLEE.

619 N.W.2d 583

Filed December 1, 2000.    No. S-98-954.

Rolf Edward Shasteen for appellant.

Shirley K. Williams and William L. Tannehill, of Knudsen, Berkheimer, Richardson, Endacott & Routh, for appellee.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, McCORMACK, and MILLER-LERMAN, JJ.

WRIGHT, J.

## NATURE OF CASE

Robert H. McDonald brought this legal malpractice action against DeCamp Legal Services, P.C. (DeCamp Legal). The district court for Lancaster County granted summary judgment for DeCamp Legal, and McDonald appealed. The Nebraska Court of Appeals found there existed a genuine issue of material fact and reversed the district court's decision. See *McDonald v. DeCamp Legal Servs.*, No. A-98-954, 2000 WL 249769 (Neb. App. Mar. 7, 2000) (not designated for permanent publication). We granted DeCamp Legal's petition for further review.

## SCOPE OF REVIEW

■ Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Big John's Billiards v. Balka, ante* p. 702, 619 N.W.2d 444 (2000).

■ In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Morrison Enters. v. Aetna Cas. & Surety Co., ante* p. 634, 619 N.W.2d 432 (2000).

## FACTS

According to his operative petition, on January 17, 1995, McDonald was injured while crossing a parking lot of the Northeast Nebraska Technical Community College (College). The lot is divided into separate rows by narrow concrete islands with walkways cut out for pedestrians. Snow and ice had accumulated to a depth of 2 to 3 feet in front of the parking stalls and on the sides of the walkways. McDonald entered a walkway that was blocked on one side by a wrongfully parked car, and as he attempted to walk around the car, he stepped over the accumulated snow and ice, slipped, and fell. McDonald retained DeCamp Legal to handle his workers' compensation case arising from the accident.

McDonald alleged that he also retained DeCamp Legal to pursue a personal injury action against the College. He claimed

that DeCamp Legal did not advise him of the applicable statute of limitations regarding his claim against the College and that DeCamp Legal did not file a tort claim notice prior to the running of the statute. As a result, McDonald was barred from pursuing a tort claim against the College.

The agreement which McDonald entered into with DeCamp Legal, entitled "Fee Contract for Worker Compensation," provided in part: "We do not promise by this agreement to represent you on any other lawsuit or legal matter." McDonald testified at his deposition that he was unsure whether he had signed any other fee agreement with DeCamp Legal.

McDonald was represented by two different attorneys from DeCamp Legal. The second attorney took over the case after the action against the College was time barred. There was conflicting evidence as to whether either attorney represented to McDonald that DeCamp Legal would be pursuing an action against the College and the nature of those representations.

McDonald sued John W. DeCamp (DeCamp) personally in the district court for Lancaster County on September 3, 1997. McDonald's first amended petition, filed October 3, alleged that DeCamp Legal was negligent in failing to advise him of the statute of limitations on the tort claim and in failing to file the tort claim prior to the expiration of the statute of limitations.

A second amended petition was filed with leave of court on March 30, 1998, in which DeCamp Legal was substituted for DeCamp. McDonald alleged that the relation back doctrine should apply to his second amended petition, since the legal malpractice claim would otherwise be barred by Neb. Rev. Stat. § 25-222 (Reissue 1995) after January 17, 1998.

DeCamp Legal's answer alleged that there was no agreement to represent McDonald on the tort claim; that McDonald would not have been able to recover from the College under Neb. Rev. Stat. §§ 13-910(10) (Cum. Supp. 2000) and 13-915 (Reissue 1997); and that, in any event, the malpractice claim was barred by applicable statutes of limitations.

On April 23, 1998, DeCamp Legal moved for summary judgment on four grounds which were stated in the district court's order as follows:

1. The agreement between the plaintiff and DeCamp P.C. related solely to representation in regard to the workers['] compensation claim. DeCamp P.C. never agreed to represent the plaintiff on any claim against the college.

2. No recoverable slip and fall cause of action existed because of the exception in the Political Subdivision Tort Claims Act, NEB. REV. STAT. § 13-910, for incidents caused by ice, snow or temporary weather conditions in a public place.

3. No recoverable slip and fall cause of action existed under the Political Subdivision Tort Claims Act because the plaintiff knew of the alleged condition and there were multiple alternative safe routes available, NEB. REV. STAT. § 13-915.

4. The two-year statute of limitations for professional negligence ran before DeCamp P.C. was named as a defendant and any cause of action against it is therefore barred.

The district court found there was no genuine issue of material fact as to the first two grounds asserted by DeCamp Legal. The district court determined there was no credible evidence that DeCamp Legal had agreed to represent McDonald on any tort claim against the College. It also concluded that an exemption to the waiver of immunity for tort claims existed for temporary conditions caused by snow or ice and that, therefore, McDonald could not have pursued an action against the College because such an exemption resulted in continued immunity against such a claim. The district court stated that there was a genuine issue of fact as to whether there were alternative safe routes available and that the doctrine of relation back should be applied to allow the substitution of DeCamp Legal for DeCamp. Therefore, the district court specifically found against DeCamp Legal on the grounds numbered 3 and 4 above.

The Court of Appeals reversed the district court's judgment, concluding that there was a genuine issue of material fact concerning the existence of a representation agreement and that the exemption to the waiver of immunity in the Political Subdivisions Tort Claims Act found in § 13-910(10) did not apply to McDonald's tort claim. Because DeCamp Legal did not

cross-appeal, the Court of Appeals refused to consider DeCamp Legal's other two grounds for summary judgment that were specifically rejected by the district court. We granted DeCamp Legal's petition for further review to address whether the Court of Appeals erred in requiring DeCamp Legal to file a cross-appeal before it would consider DeCamp Legal's alternative grounds for summary judgment.

## ASSIGNMENTS OF ERROR

DeCamp Legal argues that the Court of Appeals erred by (1) failing to consider two alternative grounds for summary judgment rejected by the district court, (2) finding that a genuine issue of material fact existed as to whether DeCamp Legal agreed to represent McDonald on the tort claim, and (3) finding that the exemption to the Political Subdivisions Tort Claims Act found in § 13-910(10) did not apply to McDonald's tort claim.

## ANALYSIS

DeCamp Legal first assigns as error the failure of the Court of Appeals to consider two alternative grounds for summary judgment on which the district court specifically found against it. Those two grounds were that no cause of action existed for McDonald's tort claim because alternate safe routes existed which McDonald had knowledge of and that the statute of limitations in § 25-222 had run on his malpractice claim. Whether a decision conforms to law is by definition a question of law, in connection with which an appellate court reaches a conclusion independent of that reached by the lower court. *Big John's Billiards v. Balka, ante* p. 702, 619 N.W.2d 444 (2000).

The Court of Appeals, with one judge dissenting, refused to consider DeCamp Legal's alternate grounds for summary judgment rejected by the district court, stating:

> In light of the fact that the lower court specifically ruled against DeCamp Legal on each of the other two grounds for summary judgment, we consider DeCamp Legal's argument on appeal to be a request for affirmative relief. We decline to consider the issues, because DeCamp Legal has not filed a proper cross-appeal from the lower court's rulings.

*McDonald v. DeCamp Legal Servs.*, No. A-98-954, 2000 WL 249769 at *4 (Neb. App. Mar. 7, 2000) (not designated for permanent publication).

■ A cross-appeal must be properly designated, pursuant to Neb. Ct. R. of Prac. 9D(4) (rev. 2000), if affirmative relief is to be obtained. *In re Interest of Natasha H. & Sierra H.*, 258 Neb. 131, 602 N.W.2d 439 (1999). The issue is whether an argument by an appellee that a lower court's decision should be upheld on grounds specifically rejected below constitutes a request for affirmative relief such that a cross-appeal from the lower court's ruling is necessary.

■ Affirmative relief on appeal is not statutorily defined per se, although Neb. Rev. Stat. § 25-1911 (Reissue 1995) provides: "A judgment rendered or final order made by the district court may be reversed, vacated, or modified for errors appearing on the record." Affirmative relief, for purposes of appeal, is a reversal, vacation, or modification of a lower court's judgment, decree, or final order.

Here, DeCamp Legal set forth four separate grounds for relief. The district court ruled on each ground, finding in favor of DeCamp Legal on two grounds and against it on two others. Obviously, if the district court granted summary judgment in favor of DeCamp Legal on any one of the four grounds alleged, DeCamp Legal would not appeal. However, since McDonald appealed the ruling of the district court in favor of DeCamp Legal, there is a question of whether DeCamp Legal must cross-appeal the adverse rulings of the district court in order to preserve those issues on appeal.

■ The only judgment for which DeCamp Legal could have sought modification was the summary judgment. While DeCamp Legal could not have cross-appealed the district court's findings underlying the summary judgment, it could and should have cross-appealed the summary judgment and assigned as error those specific adverse findings if believed to have been made in error. Such a cross-appeal is required because consideration of the case will be limited to errors assigned and discussed. See rule 9D(1)e. An appellee may not raise arguments independent of or not responsive to the appellant's assignments of error without cross-appealing because they will fall beyond

the scope of the case as presented in the appellant's brief. Thus, an appellee's argument that a lower court's decision should be upheld on grounds specifically rejected below constitutes a request for affirmative relief, and the appellee must cross-appeal in order for that argument to be considered.

This is consistent with the long-cited proposition that "a proper result will not be reversed merely because it was reached for the wrong reason." *Gestring v. Mary Lanning Memorial Hosp.*, 259 Neb. 905, 921, 613 N.W.2d 440, 453 (2000). Had DeCamp Legal properly cross-appealed, the Court of Appeals could have considered the other decisions of the district court for error. Thus, the Court of Appeals properly refused to consider whether the district court should have granted summary judgment for the alternative reasons advanced by DeCamp Legal at the trial level because DeCamp Legal did not cross-appeal and assign the adverse findings as error. DeCamp Legal's assignment of error on this issue has no merit.

DeCamp Legal argues that the Court of Appeals also erred in finding a genuine issue of material fact existed as to whether DeCamp Legal agreed to represent McDonald on the tort claim. In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Morrison Enters. v. Aetna Cas. & Surety Co., ante* p. 634, 619 N.W.2d 432 (2000). Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.*

The Court of Appeals quoted a passage from McDonald's deposition in which he discussed how his first attorney for DeCamp Legal led him to believe that he had a good cause of action against the College and that DeCamp Legal would work on it after the workers' compensation claim was settled. The Court of Appeals determined that this raised a genuine issue of material fact as to whether an agreement existed. Viewing the evidence in a light most favorable to McDonald and giving him

the benefit of all reasonable inferences, we agree that McDonald's deposition testimony raised a genuine issue of material fact. DeCamp Legal's assignment of error as to this finding is without merit.

Finally, DeCamp Legal assigns as error the finding of the Court of Appeals that the exemption to the Political Subdivisions Tort Claims Act found in § 13-910(10) did not apply to McDonald's tort claim. Section 13-910(10) exempts "[a]ny claim arising out of snow or ice conditions or other temporary conditions caused by nature on any . . . public place due to weather conditions."

The district court found that, as a matter of law, McDonald's claim arose out of snow and ice due to weather conditions in a public place, immunizing the College from any tort claim. The Court of Appeals disagreed, comparing the present case to *Woollen v. State*, 256 Neb. 865, 593 N.W.2d 729 (1999). The Court of Appeals viewed McDonald's claim as alleging an injury due to the negligence in the manner in which the snow and ice was cleared from the parking lot, not necessarily an injury due to the snow and ice.

In *Woollen*, the plaintiff was injured when he lost control of his car at the bottom of a low-grade slope on a portion of paved road that had become rutted over time. Water had filled the ruts during a steady rain, forming ponds on the road at the site of the accident, which caused the plaintiff to lose control of his vehicle when it began to hydroplane. The trial court found that the maintenance of the road itself was a proximate cause of the accident and held the State liable. We agreed "as a matter of law that . . . the State was not immune from suit, because the defective condition of the highway, rather than a temporary condition caused by nature due to weather conditions, caused the accident." *Id.* at 878, 593 N.W.2d at 739.

Here, McDonald alleged that the College was negligent in its "[f]ailure to maintain safe ingress and egress to, from and across its property at Northeast Nebraska Technical Community College [and in its] [f]ailure to monitor and remove hazardously parked vehicles." McDonald's claim of negligence is not one "arising out of snow and ice conditions." See § 13-910(10). Thus, § 13-910(10) is inapplicable, and the Court of Appeals did not err in so holding. This assignment of error is without merit as well.

## CONCLUSION

For the reasons set forth herein, we affirm the decision of the Court of Appeals which reversed the summary judgment entered by the district court.

AFFIRMED.

STEPHAN, J., not participating.