Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
07/09/2021 08:11 AM CDT

- 916 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

GREAT NORTHERN INSURANCE COMPANY, AN INDIANA
CORPORATION, APPELLEE AND CROSS-APPELLANT,
V. TRANSIT AUTHORITY OF THE CITY OF OMAHA,
A GOVERNMENTAL SUBDIVISION OF THE STATE OF
NEBRASKA, INDIVIDUALLY AND DOING BUSINESS
AS METRO AREA TRANSIT, APPELLANT AND
CROSS-APPELLEE, AND JESSICA JOHNSON,
AN INDIVIDUAL, APPELLEE.

___ N.W.2d ___

Filed April 16, 2021.    No. S-19-913.

1. **Appeal and Error.** Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.
2. **Rules of the Supreme Court: Appeal and Error.** Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court. Any party who fails to properly identify and present its claim does so at its own peril.
3. ____: ____. Depending on the particulars of each case, failure to comply with the mandates of Neb. Ct. R. App. P. § 2-109(D) (rev. 2014) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all.
4. **Appeal and Error.** The assignments of error section is one of the most critical sections of an appellant's or cross-appellant's brief.
5. **Rules of the Supreme Court: Appeal and Error.** Assignments of error consisting of headings or subparts of argument do not comply with the mandate of Neb. Ct. R. App. P. § 2-109(D)(1)(e) (rev. 2014).
6. **Appeal and Error.** Where the assignments of error consist of headings or subparts of arguments and are not within a designated assignments of error section, an appellate court may proceed as though the party failed to file a brief, providing no review at all, or, alternatively, may examine the proceedings for plain error.

- 917 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

7. ____. The decision to proceed on plain error is at the discretion of the appellate court.

8. **Actions: Political Subdivisions Tort Claims Act.** The Political Subdivisions Tort Claims Act specifies various nonjudicial procedures which have been characterized as conditions precedent to the filing of a lawsuit, and a claimant's failure to follow these procedures may be asserted as an affirmative defense in an action brought under the act.

9. **Political Subdivisions Tort Claims Act: Notice.** The presuit claim procedures under the Political Subdivisions Tort Claims Act are administrative in nature, intended to give the government notice of a recent tort claim so that it can investigate and, if appropriate, resolve the claim before suit is commenced.

10. **Political Subdivisions: Torts: Jurisdiction.** The presuit claim presentment requirements are procedural conditions precedent to commencing a tort action against the government in district court; they are not jurisdictional.

11. **Political Subdivisions Tort Claims Act: Notice: Appeal and Error.** Where the relevant facts are undisputed, whether the notice requirements of the Political Subdivisions Tort Claims Act have been satisfied is a question of law, on which an appellate court reaches a conclusion independent of the lower court's ruling.

12. **Estoppel: Equity.** Six elements must generally be satisfied for the doctrine of equitable estoppel to apply: (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct will be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel.

13. **Political Subdivisions: Claims: Parties.** A claimant is entitled to rely on the representations and procedures of a political subdivision to identify the party to whom a claim should be addressed for filing—provided that the plaintiff is diligent in inquiring.

14. **Estoppel: Proof.** Unless the facts are undisputed or only one reasonable inference can be drawn from them, whether the facts presented adequately establish estoppel is for the jury or other trier of fact to decide.

15. **Summary Judgment: Trial.** As a procedural equivalent to a trial, a summary judgment is an extreme remedy.

- 918 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

16. ____: ____. Summary judgment should not be used to deprive a litigant of a formal trial if there is a genuine issue of material fact.

17. **Summary Judgment.** Summary judgment proceedings do not resolve factual issues, but instead determine whether there is a material issue of fact in dispute.

18. **Summary Judgment: Evidence.** When the parties' evidence would support reasonable, contrary inferences on the issue for which a movant seeks summary judgment, it is an inappropriate remedy.

19. **Summary Judgment.** The overruling of a motion for summary judgment does not decide any issue of fact or proposition of law affecting the subject matter of the litigation, but merely indicates that the court was not convinced by the record that there was not a genuine issue as to any material fact or that the party offering the motion was entitled to a judgment as a matter of law.

Appeal from the District Court for Douglas County: Thomas A. Otepka, Judge. Affirmed and remanded for further proceedings.

Samuel R. O'Neill, Robert M. Schartz, and Julie M. Ryan, of Abrahams, Kaslow & Cassman, L.L.P., for appellant.

Matthew D. Hammes, of Locher, Pavelka, Dostal, Braddy & Hammes, and Cheri MacArthur, of Cozen O'Connor, for appellee Great Northern Insurance Company.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Freudenberg, J.

## NATURE OF CASE

In a subrogation action, an insurer brought suit against a political subdivision for reimbursement of the funds paid on an insurance claim on behalf of its insured. The political subdivision appeals from a denial of summary judgment, arguing that there was no genuine issue that the insurer failed to comply with the notice requirements of the Political Subdivisions Tort Claims Act (PSTCA)[1] and that the political

---

[1] Neb. Rev. Stat. § 13-901 et seq. (Reissue 2012 & Cum. Supp. 2020).

- 919 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

subdivision was not equitably estopped from asserting this defense. We affirm the order and remand the cause for further proceedings.

## BACKGROUND

Great Northern Insurance Company (Great Northern) filed an action in subrogation seeking compensation from Transit Authority of the City of Omaha, doing business as Metro Area Transit (Metro), under the PSTCA. Great Northern insured Omaha Performing Arts Society, doing business as Omaha Performing Arts Center, and its property, the Holland Performing Arts Center. Metro is a political subdivision created by the city of Omaha and, therefore, is subject to the PSTCA.

This action arose out of damage to the Holland Peforming Arts Center that resulted from a motor vehicle accident on October 21, 2016, involving a Metro bus. After Great Northern paid for the damage pursuant to its insurance policy with Omaha Performing Arts Society, Great Northern's attorney mailed a certified letter dated December 7, 2016, addressed to "Claims Department[,] Omaha Metro Transit" and titled "Statutory Notice."

This letter informed Metro of the subrogation claim, the date of the incident, and the estimated damages of $340,000, and it specifically stated, "Please consider this letter as notice of a potential claim against Metro . . . ."

To determine whom to direct the letter to, Great Northern's attorney had checked Metro's website for the contact information of the person responsible for claims. The website, however, did not provide the identity of any specific person within Metro for the issuance of statutory notices. No further effort was made by Great Northern to discover who the proper person at Metro was to send the statutory notice to.

Great Northern's letter was signed for at Metro by "F. Winniski" on December 12, 2016, and was provided to Metro's director of legal/human resources. The director is responsible for providing Metro legal advice, coordinating the work

- 920 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

of Metro's outside legal counsel, and administering Metro's human resources functions.

The director forwarded Great Northern's letter to Metro's outside counsel. On December 13, 2016, Metro's outside counsel sent a letter via email to Great Northern's attorney, advising that the firm represented Metro and that the firm was in receipt of the December 7 letter. Outside counsel requested in the letter that all future correspondence regarding the claim be directed to him.

Great Northern filed suit against Metro in May 2018. Metro, as an affirmative defense, challenged Great Northern's compliance with the PSTCA, specifically claiming that Great Northern did not properly comply with the notice requirement of § 13-905. Great Northern pled equitable estoppel as an affirmative defense to any noncompliance.

Metro thereafter moved for summary judgment. In support of its motion, Metro asserted, among other things, that Great Northern failed to strictly comply with the notice requirements of the PSTCA, because it did not address its letter to the proper person whose duty it was to maintain the official records of Metro, and that even if the court were to find the letter was properly sent to the proper official, the substance of the letter indicates it was a notice of a potential future claim rather than the current filing of a tort claim and did not make a specific demand for relief.

Great Northern argued that the claim letter dated December 7, 2016, substantially complied with the PSTCA and satisfied the purpose of the statute, which is to give the political subdivision timely notice so it can investigate and appropriately respond. In the alternative, Great Northern argued that if the court were to find that the letter did not comply with the PSTCA, then Metro should be equitably estopped from asserting a failure to provide adequate notice, because Great Northern relied upon Metro's counsel's response to the letter and subsequent communications along with Metro's documentary production to believe that the PSTCA notice requirements had been properly fulfilled.

- 921 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

At the hearing on the motion for summary judgment, it was undisputed that the executive director is the only official at Metro whose duty it is to maintain the political subdivision's official records. The executive director of Metro, both at the time of the accident on October 21, 2016, and when Great Northern sent the first letter on December 7, did not sign for or receive the letter from Great Northern.

The district court denied Metro's motion for summary judgment. The district court determined that Great Northern's letter was a "claim," but that it should have been sent to Metro's executive director and therefore did not satisfy the notice requirement of § 13-905. However, the district court found that Metro had failed to demonstrate there was no genuine issue concerning Great Northern's affirmative defense of equitable estoppel.

Metro filed a motion to reconsider the order denying Metro's motion for summary judgment. Among other things, Metro argued that the court should reconsider its finding, because there was no genuine issue that the first, fourth, and sixth elements of equitable estoppel were not met. The court overruled the motion to reconsider.

Metro timely appealed the order denying the motion for summary judgment, which was based on the assertion of sovereign immunity.[2] Great Northern cross-appealed.

## ASSIGNMENTS OF ERROR

Neither Metro's nor Great Northern's brief has an assignments of error section.

## STANDARD OF REVIEW

[1] Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[3]

---

[2] See Neb. Rev. Stat. § 25-1902(1)(d) (Cum. Supp. 2020).

[3] *In re Interest of Jamyia M.*, 281 Neb. 964, 800 N.W.2d 259 (2011).

- 922 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

## ANALYSIS

There are no assignments of error in the briefs of either Metro, the appellant, or Great Northern, the cross-appellant. Both Metro and Great Northern instead include in certain headings throughout their argument sections some statements that allege the trial court erred in various ways. This is insufficient.

Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2014) governs the mandatory content of a brief of appellant and provides:

The brief of appellant, or plaintiff in an original action, shall contain the following sections, under appropriate headings, and in the order indicated:

. . . .

(e) A separate, concise statement of each error a party contends was made by the trial court, together with the issues pertaining to the assignments of error. Each assignment of error shall be separately numbered and paragraphed, bearing in mind that consideration of the case will be limited to errors assigned and discussed. The court may, at its option, notice a plain error not assigned.

[2,3] Parties who wish to secure appellate review of their claims must abide by the rules of the Nebraska Supreme Court.[4] Any party who fails to properly identify and present its claim does so at its own peril.[5] Depending on the particulars of each case, failure to comply with the mandates of § 2-109(D) may result in an appellate court waiving the error, proceeding on a plain error review only, or declining to conduct any review at all.[6]

---

[4] *Steffy v. Steffy*, 287 Neb. 529, 843 N.W.2d 655 (2014).

[5] *Id.* See, also, e.g., *Vokal v. Nebraska Acct. & Disclosure Comm.*, 276 Neb. 988, 759 N.W.2d 75 (2009); *In re Guardianship & Conservatorship of Larson*, 270 Neb. 837, 708 N.W.2d 262 (2006); *In re Interest of Natasha H. & Sierra H.*, 258 Neb. 131, 602 N.W.2d 439 (1999).

[6] See *In re Interest of Steven S. et al.*, 27 Neb. App. 831, 936 N.W.2d 762 (2019). See, also, *Knaub v. Knaub*, 245 Neb. 172, 512 N.W.2d 124 (1994); *Harrison v. Harrison*, 28 Neb. App. 837, 949 N.W.2d 369 (2020).

- 923 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

A cross-appeal must be properly designated, pursuant to § 2-109(D)(4), if affirmative relief is to be obtained.[7] When a brief of an appellee fails to present a "proper" cross-appeal pursuant to § 2-109(D)(4), we decline to consider its merits.[8] This is consistent with Neb. Ct. R. App. P. § 2-101(E) (rev. 2015), which provides: "The proper filing of an appeal shall vest in an appellee the right to a cross-appeal against any other party to the appeal. The cross-appeal need only be asserted in the appellee's brief as provided by § 2-109(D)(4)."

A cross-appeal is properly designated by noting it on the cover of the appellee brief and setting it forth in a separate division of the brief[9]; however, the decisive particulars governing how we treat failures to fully abide with the rules for the brief of an appellant, set forth in § 2-109(D)(1), do not depend on whether the brief is of the appellant or of the cross-appellant.[10] Rather, they depend upon the nature of the noncompliance.[11]

[4] And we have repeatedly refused to waive the requirement of § 2-109(D)(1) that a party set forth a separate and concise statement of each error the party contends was made by the trial court, through separately numbered and paragraphed assignments of error contained in a separate section of the brief, designated with an appropriate heading, and located after the statement of the case and preceding the propositions

---

[7] *McDonald v. DeCamp Legal Servs.*, 260 Neb. 729, 619 N.W.2d 583 (2000).

[8] *In re Estate of Graham*, 301 Neb. 594, 602, 919 N.W.2d 714, 722 (2018).

[9] See *In re Interest of Chloe P.*, 21 Neb. App. 456, 840 N.W.2d 549 (2013).

[10] See, e.g., *Krejci v. Krejci*, 304 Neb. 302, 934 N.W.2d 179 (2019); *D.W. v. A.G.*, 303 Neb. 42, 926 N.W.2d 651 (2019); *State v. Dill*, 300 Neb. 344, 913 N.W.2d 470 (2018); *Friedman v. Friedman*, 290 Neb. 973, 863 N.W.2d 153 (2015); *In re Interest of Justine J. & Sylissa J.*, 288 Neb. 607, 849 N.W.2d 509 (2014); *Knaub v. Knaub, supra* note 6; *In re Interest of Steven S. et al., supra* note 6; *In re Interest of Chloe P., supra* note 9.

[11] See *id.*

- 924 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

of law.[12] The assignments of error section is one of the most critical sections of an appellant's or cross-appellant's brief. It gives the opposing party notice of what alleged errors to respond to and advises the appellate court of what allegations of error by the trial court it has been called upon to address. Particularly, designated assignments of error are required not only by our court rules but also by Neb. Rev. Stat. § 25-1919 (Reissue 2016), which states that "[t]he brief of appellant shall set out particularly each error asserted and intended to be urged for the reversal, vacation, or modification of the judgment, decree, or final order alleged to be erroneous . . . ."

[5-7] We have consistently rejected headings in the argument section as a sufficient substitute for assignments of error contained in the proper place and properly designated. Assignments of error consisting of headings or subparts of argument do not comply with the mandate of § 2-109(D)(1)(e).[13] Neither the appellate court nor the opposing party should have to sift through headings to discern the errors alleged. Where the assignments of error consist of headings or subparts of arguments and are not within a designated assignments of error section, an appellate court may proceed as though the party failed to file a brief, providing no review at all, or, alternatively, may examine the proceedings for plain error.[14] The

---

[12] See, *In re Interest of Samantha L. & Jasmine L.*, 286 Neb. 778, 839 N.W.2d 265 (2013); *In re Interest of Jamyia M., supra* note 3.

[13] *In re Interest of Jamyia M., supra* note 3. See, also, *D.W. v. A.G., supra* note 10; *In re Interest of Samantha L. & Jasmine L., supra* note 12; *Logan v. Logan*, 22 Neb. App. 667, 859 N.W.2d 886 (2015).

[14] See *In re Interest of Jamyia M., supra* note 3. See, also, *D.W. v. A.G., supra* note 10*; Estate of Schluntz v. Lower Republican NRD*, 300 Neb. 582, 915 N.W.2d 427 (2018); *Steffy v. Steffy, supra* note 4; *In re Interest of Samantha L. & Jasmine L., supra* note 12; *Wilson v. Wilson*, 23 Neb. App. 63, 867 N.W.2d 651 (2015); *Logan v. Logan, supra* note 13; *In re Interest of Laticia S.*, 21 Neb. App. 921, 844 N.W.2d 841 (2014); *In re Interest of Chloe P., supra* note 9.

- 925 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

decision to proceed on plain error is at the discretion of the appellate court.[15]

In this appeal in which neither the appellant nor the cross-appellant has the necessary assignments of error section in its brief, we elect to proceed to review for plain error. We find none. Plain error is error plainly evident from the record and of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process.[16]

[8-11] The trial court denied Metro's motion for summary judgment in which Metro alleged there was no genuine issue that Great Northern had failed to comply with the presuit claim procedures of the PSTCA specified in § 13-905 or that Metro was not equitably estopped from relying on those procedures. Section 13-905 provides:

All tort claims under the [PSTCA] shall be filed with the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision, or the governing body of a political subdivision may provide that such claims may be filed with the duly constituted law department of such subdivision. It shall be the duty of the official with whom the claim is filed to present the claim to the governing body. All such claims shall be in writing and shall set forth the time and place of the occurrence giving rise to the claim and such other facts pertinent to the claim as are known to the claimant.

The PSTCA specifies various nonjudicial procedures which we have characterized as conditions precedent to the filing of a lawsuit, and a claimant's failure to follow these procedures may be asserted as an affirmative defense in an action brought under the act.[17] The presuit claim procedures under the PSTCA are administrative in nature, intended to give the

---

[15] *Steffy v. Steffy, supra* note 4.

[16] *Estate of Schluntz v. Lower Republican NRD, supra* note 14.

[17] *Hedglin v. Esch*, 25 Neb. App. 306, 905 N.W.2d 105 (2017).

- 926 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

government notice of a recent tort claim so that it can investigate and, if appropriate, resolve the claim before suit is commenced.[18] The presuit claim presentment requirements are procedural conditions precedent to commencing a tort action against the government in district court; they are not jurisdictional.[19] Where the relevant facts are undisputed, whether the notice requirements of the PSTCA have been satisfied is a question of law, on which an appellate court reaches a conclusion independent of the lower court's ruling.[20]

[12-14] In denying summary judgment, the district court found that while Great Northern did not comply with § 13-905's procedural condition precedent of sending notice to "the clerk, secretary, or other official whose duty it is to maintain the official records of the political subdivision," there was a genuine issue as to whether Metro was equitably estopped from claiming the affirmative defense of failing to follow this procedure. Six elements must generally be satisfied for the doctrine of equitable estoppel to apply: (1) conduct which amounts to a false representation or concealment of material facts or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) the intention, or at least the expectation, that such conduct will be acted upon by, or influence, the other party or other persons; (3) knowledge, actual or constructive, of the real facts; (4) lack of knowledge and the means of knowledge of the truth as to the facts in question; (5) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (6) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel.[21] A

---

[18] See *Saylor v. State*, 304 Neb. 779, 936 N.W.2d 924 (2020).

[19] *Id*.

[20] *Saylor v. State*, 306 Neb. 147, 944 N.W.2d 726 (2020).

[21] *Estate of McElwee v. Omaha Transit Auth.*, 266 Neb. 317, 664 N.W.2d 461 (2003).

- 927 -

Nebraska Supreme Court Advance Sheets
308 Nebraska Reports
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

claimant is entitled to rely on the representations and procedures of a political subdivision to identify the party to whom a claim should be addressed for filing—provided that the plaintiff is diligent in inquiring.[22] Unless the facts are undisputed or only one reasonable inference can be drawn from them, whether the facts presented adequately establish estoppel is for the jury or other trier of fact to decide.[23]

Metro argues in its brief for appellant that as a matter of law, the content of the letter sent by Great Northern was insufficient to constitute a written claim under § 13-905, and that there was no genuine issue that Great Northern did not satisfy the first, fourth, and sixth elements of equitable estoppel. Great Northern, for its part, argues in its brief on cross-appeal that the district court erred in stating in its order denying summary judgment that Great Northern did not provide statutory notice of its claim to the proper party and that the doctrine of substantial compliance did not apply to its delivery of the claim letter to the improper party.

[15-18] As a procedural equivalent to a trial, a summary judgment is an extreme remedy.[24] Summary judgment should not be used to deprive a litigant of a formal trial if there is a genuine issue of material fact.[25] Summary judgment proceedings do not resolve factual issues, but instead determine whether there is a material issue of fact in dispute.[26] When the parties' evidence would support reasonable, contrary inferences on the issue for which a movant seeks summary judgment, it is an inappropriate remedy.[27]

---

[22] *Id.* (Gerrard, J., concurring; McCormack and Miller-Lerman, JJ., join).

[23] 28 Am. Jur. 2d *Estoppel and Waiver* § 173 (2011). See, also, *Woodard v. City of Lincoln*, 256 Neb. 61, 588 N.W.2d 831 (1999).

[24] *McKinney v. Okoye*, 287 Neb. 261, 842 N.W.2d 581 (2014).

[25] *Wynne v. Menard, Inc.*, 299 Neb. 710, 910 N.W.2d 96 (2018).

[26] *Tedd Bish Farm v. Southwest Fencing Servs.*, 291 Neb. 527, 867 N.W.2d 265 (2015).

[27] *Wynne v. Menard, Inc., supra* note 25.

- 928 -

NEBRASKA SUPREME COURT ADVANCE SHEETS
308 NEBRASKA REPORTS
GREAT NORTHERN INS. CO. v. TRANSIT AUTH. OF OMAHA
Cite as 308 Neb. 916

We discern no plainly evident error in the district court's determinations that the evidence would support reasonable, contrary inferences concerning the elements of equitable estoppel and that Metro failed to demonstrate it was entitled to judgment as a matter of law on the grounds that the letter was not a "claim" pursuant to § 13-905. Additionally, we find that even if assuming there were such error, it is not of such a nature that to leave it uncorrected would result in damage to the integrity, reputation, or fairness of the judicial process. The same is true for Great Northern's complaints regarding the district court's reasoning in its order denying summary judgment—that Great Northern did not provide the statutory notice of its claim to the proper party and that the doctrine of substantial compliance did not apply to its delivery of its claim letter to the improper party.

[19] The overruling of a motion for summary judgment does not decide any issue of fact or proposition of law affecting the subject matter of the litigation, but merely indicates that the court was not convinced by the record that there was not a genuine issue as to any material fact or that the party offering the motion was entitled to a judgment as a matter of law.[28] The parties are still free to litigate the questions the parties debate in the present appeal, including equitable estoppel, during the proceedings after remand.

## CONCLUSION

On plain error review, we affirm the order of the district court denying Metro's motion for summary judgment. We affirm the order and remand the cause for further proceedings.

AFFIRMED AND REMANDED FOR
FURTHER PROCEEDINGS.

[28] *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999).