Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
09/10/2021 12:09 AM CDT

In re Interest of Mekhi S. et al., children
under 18 years of age.
State of Nebraska, appellant, v.
Mekhi S. et al., appellees.

___ N.W.2d ___

Filed June 18, 2021.    No. S-20-832.

1. **Appeal and Error.** Where the assignments of error consist of headings or subparts of arguments and are not within a designated assignments of error section, an appellate court may proceed as though the party failed to file a brief, providing no review at all, or, alternatively, may examine the proceedings for plain error.

2. **Jurisdiction: Appeal and Error.** A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.

3. **Juvenile Courts: Jurisdiction: Appeal and Error.** In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate court to determine whether it has jurisdiction over the matter before it.

4. **Jurisdiction: Final Orders: Appeal and Error.** For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.

5. **Final Orders: Appeal and Error.** In determining whether an order affects a substantial right, and is thus a final, appealable order, it is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.

6. ____: ____. Whether the effect of an order is substantial, as required for the order to be a final, appealable order, depends on whether it affects with finality the rights of the parties in the subject matter.

7. **Juvenile Courts: Jurisdiction: Guardians and Conservators.** Neb. Rev. Stat. § 43-1312.01(3) (Reissue 2016) requires that where a juvenile court places a child in a guardianship with an individual, the court

shall retain jurisdiction over the child for modification or termination of the guardianship order.

Appeal from the Separate Juvenile Court of Douglas County: Vernon Daniels, Judge. Appeal dismissed.

Rachael Henderson, Deputy Douglas County Attorney, Nicole Brundo, and Mark Shimizu, Senior Certified Law Student, for appellant.

Christine P. Costantakos, guardian ad litem, for appellees.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Funke, Papik, and Freudenberg, JJ.

Cassel, J.

## INTRODUCTION

The State appeals from a juvenile court order dismissing a supplemental petition filed after the court terminated a guardianship over which the court had expressly retained jurisdiction. The State urges that Neb. Rev. Stat. § 43-247(8) (Reissue 2016) required a second adjudication. We disagree. Because the State's substantial rights were not substantially affected by the court's dismissal of its supplemental petition, we lack jurisdiction and dismiss the appeal.

## BACKGROUND

In September 2016, the State filed a petition (original petition) in the separate juvenile court of Douglas County, alleging that MyJhae J. and Zaniya S., and two siblings, came within the meaning of § 43-247(3)(a) because their mother failed to provide them with proper parental care.

All of the children were adjudicated on that basis, and they were placed into the custody of the Nebraska Department of Health and Human Services (DHHS) for appropriate care, services, and placement. The court ordered a permanency objective of legal guardianship for MyJhae and Zaniya, with a

concurrent plan of reunification, and it ordered a permanency objective of reunification for their two siblings, with concurrent plans of adoption or guardianship.

In June 2017, pursuant to DHHS' motion, the court appointed a guardian for MyJhae and Zaniya. The guardianship order relieved DHHS of further responsibility for the children's care, custody, and control.

As DHHS' motion had requested, the court's order retained jurisdiction over them in connection with the guardianship. Accordingly, the court conducted regular guardianship review hearings for MyJhae and Zaniya under this same juvenile docket and entered orders finding that the permanency objective of guardianship continued to be in their best interests. The State participated in these guardianship review hearings.

In September 2020, the guardian ad litem (GAL) filed a motion to terminate the guardianship. The motion alleged that the guardianship had "disrupted" and requested that MyJhae and Zaniya be returned to the custody of DHHS. The motion was filed in the existing juvenile docket. The State did not join in this motion. The court held a hearing at which all parties— including the State—fully participated.

Following the hearing on September 22, 2020, the court terminated the guardianship and placed MyJhae and Zaniya back in the custody of DHHS.

The next day, the State filed a second supplemental petition (second petition) within the same docketed case, seeking to place MyJhae and Zaniya under the court's jurisdiction under § 43-247(8). The second petition did not make any allegations against the parents or seek to terminate their rights. It sought no substantive relief regarding MyJhae and Zaniya other than to "make such orders as deemed appropriate in the premises and determine whether support will be ordered pursuant to Neb. Rev. Stat. §43-290 [(Reissue 2016)]."

One month later, the State filed a motion to set the matter for adjudication. On that same date, the court entered an

order scheduling the second petition to be heard. A few days later, the GAL filed a motion to dismiss the second petition, which also included an objection to the State's motion to set the matter for adjudication, alleging that the court lacked subject matter jurisdiction to hear the State's second petition based upon the principle of res judicata.

The State's motion to set for hearing, along with the GAL's motion to dismiss and objection, were heard by the court, with all parties participating. Regarding the two children at issue in this appeal, the State offered no evidence and made no offers of proof; rather, the parties presented arguments regarding their respective views.

The State explained that it believed that § 43-247(8) required it to file a second petition to reestablish the court's jurisdiction, so that the court could "move forward in placing the children in a protective placement [with DHHS]."

The GAL disputed the State's interpretation of § 43-247(8), arguing that the court retained jurisdiction over the case from the original petition. Further, the GAL asserted that the relief the State sought had already been granted. Counsel for the mother, counsel for an intervening father, and counsel for DHHS all concurred on the record that dismissal of the second petition appeared appropriate under the circumstances.

On the record, the court agreed with the GAL, pointing out that the legislative history of § 43-247(8) showed that it "speak[s] to a factual pattern different from what we have here today" and explained that the children were already in a protective placement with DHHS. The court stated that § 43-247(8) was enacted so that a juvenile court could reestablish jurisdiction over a juvenile after its jurisdiction had been terminated, but that in this case, it had retained jurisdiction over the children after the guardianship was terminated.

Therefore, the court sustained the GAL's motion to dismiss the State's second petition. The court also ruled that as a result of the dismissal, the GAL's objection to setting the matter for

adjudication became moot. On November 4, 2020, the court's written order dismissing the second petition was entered.

The State filed a timely appeal. We moved the appeal to our docket.[1]

## ASSIGNMENTS OF ERROR

The State's brief does not contain a separate section assigning error to the juvenile court. While the brief's argument section does contain at least one heading purporting to assign error, we have emphasized that such headings do not satisfy the requirements of our appellate rules.[2] This affects our standard of review.[3]

## STANDARD OF REVIEW

[1] Where the assignments of error consist of headings or subparts of arguments and are not within a designated assignments of error section, an appellate court may proceed as though the party failed to file a brief, providing no review at all, or, alternatively, may examine the proceedings for plain error.[4]

[2] A jurisdictional question which does not involve a factual dispute is determined by an appellate court as a matter of law.[5]

## ANALYSIS

[3,4] Before we can review the record for plain error, we must first determine that we have jurisdiction of the appeal. In a juvenile case, as in any other appeal, before reaching the legal issues presented for review, it is the duty of an appellate

---

[1] See Neb. Rev. Stat. § 24-1106(2) and (3) (Cum. Supp. 2020).

[2] See Neb. Ct. R. App. P. § 2-109(D)(1) (rev. 2014).

[3] See *Great Northern Ins. Co. v. Transit Auth. of Omaha*, 308 Neb. 916, 958 N.W.2d 378 (2021).

[4] *Id*.

[5] *In re Interest of Zachary B.*, 299 Neb. 187, 907 N.W.2d 311 (2018).

court to determine whether it has jurisdiction over the matter before it.[6] For an appellate court to acquire jurisdiction over an appeal, there must be a final order or final judgment entered by the court from which the appeal is taken.[7] Among the types of final orders which may be reviewed on appeal is an order that affects a substantial right made during a special proceeding.[8] Juvenile court proceedings are special proceedings.[9] So, we must determine whether the order dismissing the State's second petition affected a substantial right.

Clearly, the State has a substantial right in these proceedings. The State's right in juvenile proceedings is derived from its parens patriae interest, and it is pursuant to that interest that the State has enacted the Nebraska Juvenile Code.[10] The State has a right to protect the welfare of its resident children, and we have observed that "'[o]ne would be hard pressed to cite a governmental interest of greater import.'"[11]

[5,6] However, it is not enough that the right itself be substantial; the effect of the order on that right must also be substantial.[12] Whether the effect of an order is substantial depends on "whether it affects with finality the rights of the parties in the subject matter."[13]

The State misinterprets § 43-247(8). It contends that this subsection required it to file a second petition after the

---

[6] *Id.*

[7] *In re Interest of Michael N.*, 302 Neb. 652, 925 N.W.2d 51 (2019).

[8] See Neb. Rev. Stat. § 25-1902 (Cum. Supp. 2020).

[9] See *In re Interest of Zachary B., supra* note 5.

[10] *In re Interest of Noah B. et al.*, 295 Neb. 764, 891 N.W.2d 109 (2017).

[11] *Id.* (quoting *In re Interest of R.G.*, 238 Neb. 405, 470 N.W.2d 780 (1991), *disapproved on other grounds, O'Connor v. Kaufman*, 255 Neb. 120, 582 N.W.2d 350 (1998)).

[12] See *In re Interest of Noah B. et al., supra* note 10.

[13] *Id.* at 774, 891 N.W.2d at 119 (quoting *Deines v. Essex Corp.*, 293 Neb. 577, 879 N.W.2d 30 (2016)) (internal quotation marks omitted).

guardianship was terminated in order to reinstate the juvenile court's jurisdiction over the children. But § 43-247(8) was enacted by the Nebraska Legislature to provide an independent basis to reestablish a juvenile court's jurisdiction over a juvenile where the juvenile court's jurisdiction had ended.[14]

As we explain below, another statute expressly preserves the juvenile court's jurisdiction during a guardianship established pursuant to Neb. Rev. Stat. § 43-285 (Cum. Supp. 2020). Here, the parents' rights have not been terminated, and Nebraska jurisprudence dictates that a juvenile court retains jurisdiction over a juvenile after it places the child in a guardianship.[15]

Prior to 1998, county courts had exclusive jurisdiction over all guardianship matters, under Neb. Rev. Stat. § 24-517(2) (Reissue 1995).[16] Thus, if the juvenile court ordered a permanency objective of legal guardianship for a juvenile who was then under the jurisdiction of the juvenile court, the pending juvenile proceedings were held in abeyance until guardianship proceedings could be filed and finalized in the county court, after which the juvenile court's jurisdiction ended.[17] Such guardianships were typically accomplished pursuant to a section of the probate code.[18]

After the statute was amended to grant juvenile courts concurrent original jurisdiction over guardianship proceedings, we stopped the practice of appointing guardians for

---

[14] See Judiciary Committee Hearing, L.B. 466, 97th Leg., 1st Sess. 20-23 (Feb. 1, 2001).

[15] See *In re Guardianship of Rebecca B. et al.*, 260 Neb. 922, 621 N.W.2d 289 (2000).

[16] See *id.* See, also, *In re Guardianship of Zyla*, 251 Neb. 163, 555 N.W.2d 768 (1996).

[17] See, generally, *In re Interest of Justin C. et al.*, 7 Neb. App. 251, 581 N.W.2d 437 (1998). See, also, *In re Guardianship of Alice D. et al.*, 4 Neb. App. 726, 548 N.W.2d 18 (1996).

[18] See Neb. Rev. Stat. § 30-2608 (Reissue 1995). See, also, *In re Guardianship of Alice D. et al., supra* note 17.

adjudicated juveniles through the probate code.[19] We explained that the legislative intent required that when a minor is adjudged to be within the jurisdiction of the juvenile court, a guardianship appointment must be made pursuant to the juvenile code.[20] Further, we clarified that a county court's jurisdiction will yield to the juvenile court's exclusive jurisdiction over a guardianship proceeding once a minor is adjudged to be within its jurisdiction.[21]

The Nebraska Court of Appeals built on our jurisprudence, explaining that a juvenile court retains jurisdiction over a juvenile in a guardianship, as a guardianship does not achieve the same degree of permanency as parenthood or adoption.[22] Soon after, the Legislature codified the Court of Appeals' decision.[23]

[7] Section 43-1312.01(3) requires that where a juvenile court places a child in a guardianship with an individual, the court shall retain jurisdiction over the child for modification or termination of the guardianship order. Here, when the court appointed the guardian, it expressly retained jurisdiction and did not terminate the proceedings. Thus, when the court terminated the guardianship and placed the children with DHHS, it already had jurisdiction of them. It was not necessary to invoke § 43-247(8). The court's dismissal of the second petition had no effect on the State's ability to continue to assert its rights under its original petition.

Nothing in this opinion should be read to preclude the State from bringing a supplemental petition to raise new facts or allegations pertinent to the children's best interests. We

---

[19] See *In re Guardianship of Rebecca B. et al., supra* note 15. See, also, 1998 Neb. Laws, L.B. 1041.

[20] *Id.*

[21] See *In re Guardianship of Rebecca B. et al., supra* note 15.

[22] *In re Interest of Brianna B.*, 21 Neb. App. 657, 842 N.W.2d 191 (2014).

[23] See Neb. Rev. Stat. § 43-1312.01(3) (Reissue 2016).

merely reject the State's argument that a supplemental petition was required here for the purpose it claimed—reestablishing jurisdiction. The court had always retained and had never lost jurisdiction of the children.

## CONCLUSION

The State's substantial rights in the proceedings were not substantially affected by the court's dismissal of the second petition. Accordingly, this court lacks appellate jurisdiction. We therefore dismiss the appeal.

APPEAL DISMISSED.